UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRYON J. HUBBARD, | ) |
|       *Plaintiff*, | ) |
| vs. | ) |
| METLIFE, | ) |
| JEFFREY FLETCHER, | )   No. 1:10-cv-00780-JMS-DML |
| MARLENEY MARTINEZ, | ) |
| MARIA MONGAN, | ) |
| VERIZON SERVICES, INC., | ) |
|       *Defendants*. | ) |

# ENTRY

On November 9, 2010, the parties to this action filed a stipulation of dismissal, with prejudice, which referenced a settlement of the parties. [Filing No. 18.] Consistent with the stipulation, the Court dismissed the case with prejudice on November 10, 2010. [Filing No. 19.] On January 30, 2014, Plaintiff Byron J. Hubbard filed two motions with the Court: Plaintiff's Verified Combined Motion to Set Aside Order of Dismissal and Motion to Reopen Case, [Filing No. 20], and Plaintiff's Combined Motion for Appointment for Guardian Ad Litem and Motion Hearing, [Filing No. 21]. None of the Defendants have responded.

In their stipulation, the parties noted: "This Court shall retain jurisdiction to enforce the terms of the settlement." [Filing No. 18.] As will be addressed below, this attempt at vesting the Court with continued jurisdiction, when coupled with a dismissal with prejudice, has no effect.

Unfortunately, Mr. Hubbard misapprehends the Court's power following a dismissal with prejudice:

> A district court's original jurisdiction to entertain a lawsuit does not carry over to one party's later claim that the other has breached their settlement of that suit. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Thus, "when a suit is dismissed *with prejudice*, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) (emphasis added); *see Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Lynch, Inc. v. SamataMason Inc*., 279 F.3d 487, 489 (7th Cir. 2002). The terms of a settlement can be embodied in an order dismissing the lawsuit, which would allow that order to serve as an enforceable injunction.

*Balshe LLC v. Ross*, 441 Fed. Appx. 395, 396 (7th Cir. 2011).

*Kokkonen* teaches that the dismissal with prejudice terminates jurisdiction. So it makes no difference that here Mr. Hubbard is seeking to set aside the settlement, as opposed to enforce it, because the dismissal with prejudice has concluded the matter.

Mr. Hubbard is not without a remedy, he may seek to rescind the settlement agreement in a separate state law contract claim—"a state claim belonging in state court." *Ventre v. Datronic Rental Corp*., 482 Fed.Appx. 165, 169 (7th Cir. 2012) (*citing Kokkonen*, 511 U.S. at 381-82 and other cases). This Court is without jurisdiction to conclude or act otherwise.

In his motion to set aside, Mr. Hubbard cites no case law or rule of procedure. His one page motion asserts the following:

> 1. Plaintiff is requesting that this Court set aside its Order of Dismissal and reopen this case due to the Plaintiff's mental disability at the time of signing the stipulation of dismissal that prevented the Plaintiff from properly understanding the significance of the action that he was undertaking.
> 2. Plaintiff was rendered to be mentally disabled by the Social Security Administration prior to the undertaking of the stipulation for dismissal on or about February 2010; hence, making the stipulation and order of dismissal void.
> 3. Plaintiff also files his petition to be appointed a Guardian Ad Litem to represent him and Motion for Hearing due to the Plaintiff not being able to proceed as a pro se litigant. WHEREFORE, Plaintiff prays for relief.

[Filing No. 20.]

The Court will not endeavor to craft a legal argument for Mr. Hubbard, except to note that his motion cannot be treated as one under Federal Rule of Civil Procedure 60(b)(1)(2) or (3), as it is well beyond the one year time limitation for bringing such motions:

> "(c) Timing and Effect of the Motion. (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. Proc. 60(c).

Moreover, even if Mr. Hubbard's motion was treated as one under Rule 60(b)(4), (5), or (6) such motion cannot be granted unless it is filed within a reasonable time after the order from which relief is sought. Mr. Hubbard "has not even attempted to explain how his motion was filed in a reasonable time when it came more than three years after the [dismissal.]" *Bryant v. Gen. Packaging Products, Inc.*, 492 F. App'x 697, 698 (7th Cir. 2012), *as amended on denial of rehearing and rehearing en banc* (2012).

## CONCLUSION

The Court concludes it is without jurisdiction to set aside the earlier stipulation of dismissal. Moreover, Mr. Hubbard has cited no legal authority to support his motion or to explain his delay in bringing it. Therefore, Plaintiff's Verified Combined Motion to Set Aside

Order of Dismissal and Motion to Reopen Case, [Filing No. 20], is **DENIED**, and Plaintiff's Combined Motion for Appointment for Guardian Ad Litem and Motion Hearing, [Filing No. 21], is **DENIED AS MOOT**.

**Distribution:**

BRYON J. HUBBARD
P.O. BOX 3596
CARMEL, IN 46082

Mark Stephen Floyd
WALTER & HAVERFIELD, LLP
mfloyd@walterhav.com